ZUNZ, Respondent, *v.* HEROY, Appellant.

*(Common Pleas of New York City and County, General Term.* May 2, 1892.)

Appeal from special term.

Action by Paul Zunz against William W. Heroy. From a judgment for plaintiff, defendant appeals. Plaintiff moves to dismiss the appeal. Motion granted.

For former report, see 7 N. Y. Supp. 644.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

PER CURIAM. The motion to dismiss the appeal in this action is granted, with $10 costs, unless the appellant by or before 6 o'clock P. M. of the 7th day of May, 1892, print and serve upon the respondent's attorney all of the exhibits required by the case as filed, in full, with proper distinctions as to the color of the check-marks upon the same, and also the referee's opinion, and in every other respect make the case conform to the said case as settled now on file this court; and, if this direction is complied with, then, and then only, will the case be set down for argument on the 12th inst.

---

CLUFF *v.* DAY *et al.*

*(Superior Court of New York City, General Term.* January 11, 1892.)

Action by Mary Cluff against Henry S. Day and John Thompson.

*Robert Owen,* for plaintiff. *Charles E. Wilson,* for defendant Day. *Isaac Fromme,* for defendant Thompson.

PER CURIAM. Defendants' exceptions were ordered to be heard in the first instance at general term. The complaint neither states the facts conferring jurisdiction upon the surrogate nor alleges that the decree and amending order referred to in the complaint were duly made, and in this is bad. Section 532, Code Civil Proc. While, as to defendant Thompson, it might not be improper to amend the pleading so as to conform to the proof, as the decree·was not put in evidence against Day, it is best that the exceptions should be sustained, and that there should be a new trial. Costs to abide the event. Ordered accordingly.

---

HAIGH *et al.*, Respondents, *v.* CROCKER *et al.*, Appellants.

*(Superior Court of New York City, General Term.* March 14, 1892.)

Appeal from special term.

Action by Florence V. Haigh and another against Christine H. Crocker and others.

Argued by SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

*D. A. Stephens,* for appellants. *Foster & Stephens,* for respondents.

PER CURIAM. One of the questions, and indeed the only one, was whether the appellant was implicated in the taking of usury upon certain notes, and a mortgage to secure them made by the respondents upon personal property. The business was done by agents of the appellants, who claim that she did not authorize, or know of, or benefit by the usury that, no doubt, was taken. The learned judge was not absolutely bound to believe the affidavits read for defendant. Indeed, they might literally be true, and yet there be such a relation between the appellants and agents in this matter as would evince a complicity between them. Order affirmed, with $10 costs to abide the event.